{¶ 30} Although I concur with the analysis of appellant's first and third assignments of error, I respectfully dissent from the judgment and opinion of the majority as to its disposition of appellant's second assigned error.
 {¶ 31} Under Terry v. Ohio (1968), 392 U.S. 1, "a police officer is allowed to briefly stop an individual when the officer reasonably suspects that the individual is involved, or has been involved, in criminal behavior." State v. Miller (1997), 117 Ohio App.3d 750, 756- 757. In the context of a traffic stop, "a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law."State v. Woods (Sept. 22, 2000), 11th Dist No. 99-L-111, 2000 WL 1370850, at 2.
 {¶ 32} "In order for such a stop to be constitutionally permissible, the officer's level of suspicion does not have to be as greatas is necessary to support a finding of probable cause; instead, theofficer must have only a `reasonable suspicion' of criminal behavior." (Emphasis added.) Miller at 757. That is to say, "reasonable suspicion to stop a vehicle is a distinct and separate legal burden from probable cause to make an arrest." State v. Baron (Mar. 20, 1998), 11th Dist. No. 97-L-065, 1998 WL 156986, at 2. See, also, Woods at 2 (holding that "[r]easonable suspicion connotes something less than probable cause, but something more than an `inchoate and unparticularized suspicion or "hunch."'"); State v. Platt (Dec. 16, 1994), 11th Dist. No. 94-A-0015, 1994 WL 721772 at 3 (holding that "probable cause does not have to exist before a police officer can conduct an investigative stop; instead, such an intrusion is constitutionally valid if the officer has a reasonable suspicion *** that criminal behavior has taken place.").
 {¶ 33} Despite the clear pronouncements from this court on this issue, the majority concludes that, after accepting the trial court's assessment of witness credibility, the trial court was correct in finding that Officer Linda Sheridan ("Officer Sheridan") did not have probablecause to stop appellee. While the majority acknowledges that a police officer "may stop a vehicle if she possesses either probable cause or a reasonable suspicion," it then goes on to conclude that because the state did not specifically raise the question of reasonable suspicion on appeal, the court is not required to consider it. However, according to the majority, even if the state had argued Officer Sheridan had a reasonable suspicion that appellee was speeding, the result would still be the same because the trial court found that Officer Sheridan's testimony was not credible. I emphatically disagree.
 {¶ 34} The trial court's judgment entry clearly shows that it applied the wrong standard when it granted appellee's motion to suppress. The purpose of a suppression hearing is to determine whether an individual's rights were violated; it is not an opportunity for the trial court to weigh the evidence and make a determination as to that individual's guilt or innocence. More to the point, a finding that there was no probable cause does not automatically preclude a finding that a police officer had a reasonable suspicion that a motorist committed a traffic violation. The two concepts are fundamentally different and are not interchangeable. As a result, if a trial court applies the wrong standard, as it appears in this case, the trial court's judgment should be overturned.
 {¶ 35} The majority, however, chooses to avoid the issue and hold that the question of whether or not Officer Sheridan had a reasonable suspicion was ultimately immaterial because the trial court found appellee's evidence to be more credible than that presented by the state. Although the majority may be correct that the trial court's decision would not have been any different, we simply have nothing in the record to support this assumption. Furthermore, we are not precluded from considering this issue solely because the state failed to argue that Officer Sheridan had reasonable suspicion to stop appellee as Crim.R. 52(B) provides that "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." At a minimum, therefore, the trial court's decision should be reversed and the matter remanded so that the court can apply the proper standard, i.e., based on the totality of the circumstances, were there specific and articulable facts that, taken together with rational inferences from those facts, reasonably warranted the stop.
 {¶ 36} For these reasons, I respectfully, but emphatically, dissent.